IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIM BROWN and BRAD ) <br> HOOPES, ) <br> ) <br> Defendants. ) <br> _____) | Case No. CR-05-0204-E-BLW <br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

The Court has before it a second motion to continue trial filed by defendants. (Docket No. 13). They seek a continuance for two reasons. First, they claim that their expert cannot examine the body of the bear before trial on January 3, 2006. In support, the defendants state that their expert "will be able to make an examination of the bear in the first part of the year 2006, but not before."

This motion was filed December 23, 2005, less than two weeks before trial, set to begin on January 3, 2006. The charges have been pending for over three months, having been filed on September 14, 2005.

The motion and supporting affidavit do not explain why the defense expert was not retained sooner. The defense has had over three months to retain an expert. Moreover, the affidavit of Government's counsel, which is un-rebutted on

**Memorandum Decision and Order – Page 1**

this point, states that the parties discussed this matter for a year before charges were filed.

The Government has offered to make the bear available at any time, and to make its own expert available for a pre-trial deposition. The defense motion and affidavit state that the expert cannot finish his examination prior to trial, but do not explain why he cannot do so. Without any more detailed explanation – as to why the expert cannot finish the examination in time and as to why he was not retained sooner – the Court cannot grant a continuance on this ground.

As a second ground for their motion, the defendants assert that they need to reconstruct the scene to rebut the Government's reconstruction. Because the scene is now snow-bound, defendants seek a continuance of about six months so that their expert could get to the scene. The Government objects, and represents that it will not introduce its reconstruction in its case-in-chief, but only in rebuttal.

Once again, the defendants do not explain why they were unable to do their reconstruction after the charges were filed. The Government's reconstruction was done back in July of 2005. The defendants knew long-before the charges were filed on September 14, 2005, that the Government was considering filing charges, and had a month or two after the charges were filed to do the reconstruction before the area became inaccessible. The Government has made available all of the

**Memorandum Decision and Order – Page 2**

information concerning its own reconstruction well-before trial.

A continuance for six months is extraordinary and must be supported by good grounds. Moreover, this trial has already been continued once at the request of both parties. If the trial is continued until July or August of 2006, it will have been delayed nearly a year from the date of filing.

The affidavit of defense counsel does not provide the support needed to grant such an extraordinary extension. One factor the Court must consider is the public interest in the prompt disposition of criminal proceedings. *United States v. Martinez-Martinez*, 369 F.3d 1076, 1085 (9th Cir. 2004) (quoting *United States v. Scantleberry -Frank*, 158 F.3d 612, 614 (1st Cir. 1998)). That public interest is not served by granting a six-month continuance in this case.

Certainly the Court must also allow the defendants sufficient time to prepare an adequate defense. But that time has been provided in this case. After weighing all the interests in this case, the Court concludes that the motion must be denied.

**Memorandum Decision and Order – Page 3**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the second motion to continue (Docket No. 13) is DENIED.

DATED: **December 27, 2005**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 4**